16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 In re William Eugene DALBY, Debtor.
Paul BOROCK, Trustee, Plaintiff-Appellee,
v.
BOOKIE FAMILY PRESERVATION TRUST, Defendant-Appellant.
 No. 92-1959.
 United States Court of Appeals, Sixth Circuit.
 Jan. 18, 1994.
 
 Before: KENNEDY and BATCHELDER, Circuit Judges, and WILHOIT, District Judge.*
 PER CURIAM.
 
 
 1
 Daniel Garman, Trustee of the Bookie Family Preservation Trust ("Bookie Trust"), appeals the default judgment awarded to the bankruptcy trustee by the bankruptcy court and affirmed by the district court.[1] On appeal, Garman argues (1) the bankruptcy court erred in granting default judgment while his oral motion for the bankruptcy judge to recuse himself was still pending, (2) the bankruptcy court erred in granting default judgment because the Bookie Trust had not been properly served with notice of the suit, and (3) the bankruptcy court abused its discretion in refusing to postpone the hearing on default judgment.
 
 
 2
 The bankruptcy court held that even though Garman appeared at the very last minute (on the day of the default judgment hearing), the Bookie Trust had no bona fide defense to the suit and therefore the bankruptcy trustee was entitled to default judgment. The court specifically rejected Garman's contention that the trust had not been properly served with notice. The bankruptcy judge also found no basis for recusing himself and rejected Garman's oral request that the hearing be postponed so that Garman could retain counsel for the trust.
 
 
 3
 We have reviewed the record and studied the briefs, and we find no error warranting reversal. The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 The Honorable Henry R. Wilhoit, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 This case was originally joined with No. 92-1880, an appeal filed by the debtor himself. On August 25, 1993, this court dismissed Dalby's appeal for want of prosecution